IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                    CRIMINAL ACTION NO. 2:22-cr-00017

CHARLES RYAN TUCKER

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Charles Ryan Tucker's Motion to Dismiss the charges against him. [ECF No. 25]. The United States has responded. [ECF No. 26]. For the reasons stated herein, Defendant's Motion is **DENIED**.

Mr. Tucker stands indicted on a single count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [ECF No. 4]. Mr. Tucker's Motion to Dismiss presents the sole issue of whether 18 U.S.C. § 922(g)(1) is constitutional after the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022).

The Second Amendment to the United States Constitution states that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Prior to

1

the Supreme Court's decision in *Bruen*, federal courts analyzed firearms laws using a means-end analysis to determine whether the government interest in the regulation was sufficient to overcome whatever burden the law placed on one's Second Amendment right. *See, e.g., United States v. Carter*, 669 F.3d 411 (4th Cir. 2012). In *Bruen*, however, the Supreme Court repudiated the lower courts' application of means-end scrutiny and reaffirmed its statement in *Heller* that "[c]onstitutional rights are enshrined with the scope they were understood to have *when the people adopted them*." *Bruen*, 142 S. Ct. at 2136 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 634–35 (2008)) (emphasis in original). Post-*Bruen*, courts are charged with the following mandate:

> In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

*Id.* at 2126 (internal citations omitted).

In his Motion to Dismiss, Mr. Tucker argues that the conduct prohibited by 18 U.S.C. § 922(g)(1) is protected by the plain text of the Second Amendment and was unregulated when the Amendment was adopted in 1791. [ECF No. 25]. In response, the Government argues that the Second Amendment's protections do not extend to

the possession of firearms by convicted felons, and that Section 922(g)(1) "fits comfortably within the nation's longstanding tradition of disarming unvirtuous or dangerous citizens." [ECF No. 26, at 8].

As Mr. Tucker acknowledges, I have previously ruled on this precise question and found Section 922(g)(1) constitutional. [ECF No. 25, at 1 n.1 (citing *United States v. Price*, No. 2:22-cr-00097, 2022 WL 6968457, at *1 (S.D. W. Va. Oct. 12, 2022))]. In *Price*, I found that Section 922(g)(1), while proscribing conduct covered by the plain text of the Second Amendment, is consistent with the United States' historical tradition of firearm regulation. *Price*, 2022 WL 6968457, at *6–9. I examined the language in *Bruen* and other Supreme Court precedents and found that *Bruen* did not disturb the traditional understanding of the Second Amendment as protecting "the right of *law-abiding*, responsible citizens to use arms for self-defense." *Id.* at *7 (quoting *Bruen*, 142 S. Ct. at 2122, 2131, 2133, 2134, 2138, 2150, 2155) (emphasis in original). I affirm my reasoning and holding in *Price* and find that Section 922(g)(1) does not violate the Second Amendment to the United States Constitution. Accordingly, Mr. Tucker's Motion to Dismiss is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 17, 2023

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3